IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JEDEDIAH TROGSTAD | § | |
| v. | § | CIVIL ACTION NO. 5:21cv110 |
| BOWIE COUNTY CORRECTIONAL FACILITY, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Jedediah Trogstad, an inmate of the Miller County Detention Center in Texarkana, Arkansas proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Trogstad was ordered to pay an initial partial filing fee of $19.00, in accordance with 28 U.S.C. §1915(b). He received a copy of this order on November 17, 2021, and advised the Court that he was making arrangements to pay; however, he has not done so despite the passage of over three months, nor has he contacted the Court in any way since that time.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. Id., citing Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

Plaintiff's failure to pay the initial partial filing fee or show good cause for the failure to do so is not an action which threatens the judicial process, rendering dismissal with prejudice

unwarranted.  See McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988).  The imposition of fines and costs is not appropriate given the status and nature of this case.  The incidents complained of began in August of 2021, giving Plaintiff ample time in which to re-file his lawsuit, should he choose to do so, within the two-year limitations period.  Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.  An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections.  See Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error.  Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**SIGNED this 11th day of March, 2022.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE